IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, as subrogee of PENNY NEWMAN GRAIN COMPANY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 5:19-CV-083-M-BQ |
| VARCO PRUDEN BUILDINGS, INC., and ROY OWENS CONSTRUCTION COMPANY, | § § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Roy Owens Construction Company's (Roy Owens) "Motion for Judgment on the Pleadings under Rule 12(c) or Alternatively to Dismiss for Failure to State a Claim under Rule 12(b)(6), and Brief in Support." ECF No. 63. Nationwide Agribusiness Insurance Company (Nationwide) and Varco Pruden Buildings, Inc. (Varco Pruden) have both filed responses (ECF Nos. 66, 72), and Roy Owens has filed a reply to each. ECF Nos. 67, 74. The motion is now ripe for decision. After reviewing the motions, exhibits, and applicable law, the undersigned recommends that the United States District Judge **DENY** Roy Owens's Rule 12(c) Motion for Judgment on the Pleadings and **DENY** Roy Owens's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim. ECF No. 63.

**I.     Procedural History**

On May 3, 2019, Plaintiff Nationwide filed its original Complaint alleging a claim for breach of warranty against Varco Pruden. Compl. 3, ECF No. 1. Pursuant to Court order, Nationwide filed an Amended Complaint on February 20, 2020, asserting a breach of contract

1

claim against Roy Owens. Am. Compl. 4, ECF No. 54. Nationwide brings its claims herein under subrogation rights provided by a property casualty insurance policy furnished to Penny Newman Grain Company (Penny Newman), who purchased a pre-fabricated seed storage building (subject building) designed and manufactured by Varco Pruden. *Id.* at 1–3. The subject building collapsed during a windstorm. *Id.* at 3. Acting as subrogee, Nationwide brings a claim against Varco Pruden for breach of warranty (*id.* at 3–4) and, upon Varco Pruden's denial that a warranty existed due to Roy Owens's alleged failure to submit the proper paperwork, against Roy Owens for breach of contract. *Id.* at 4. Varco Pruden and Roy Owens filed Answers to the Amended Complaint on March 5 and 24, 2020, respectively. ECF Nos. 58, 59. On April 1, 2020, Roy Owens filed the present motion and related exhibits. ECF Nos. 63, 64. Nationwide filed a response that, insofar as Roy Owens sought judgment on the pleadings, *agreed* with Roy Owens (i.e., that Varco Pruden admitted a warranty existed), but opposed those aspects of the motion seeking dismissal for failure to state a claim. ECF No. 66. Varco Pruden sought leave to file a response to the motion, which the Court granted, and Varco Pruden subsequently filed its response opposing judgment on the pleadings. ECF Nos. 68, 71, 72. Roy Owens has filed replies to each response. ECF Nos. 67, 74.

This motion arises from, and itself contributes to, a set of odd and unique circumstances. Nationwide brings separate but related claims against two different Defendants. Am. Compl. 3–4. The breach of warranty claim against Varco Pruden arises from the collapse of the subject building, which Nationwide alleges resulted from defects in manufacture. *Id.* The claim against Roy Owens avers that it breached the contract with Penny Newman by not filing the paperwork necessary to obtain warranty coverage from Varco Pruden for the subject building. *Id.* at 4. Nationwide's claim against Roy Owens derives from deposition testimony provided by Varco Pruden's corporate representative, who testified that no three-year warranty existed due to Roy

2

Owens's failure to execute the required paperwork. *Id.* As a result, Nationwide sought to join Roy Owens under a breach of contract theory to protect against Varco Pruden claiming it did not provide a three-year warranty. ECF No. 41, at 5–6. The Court granted that motion, but only after rejecting Nationwide's efforts to modify its allegations or claims against Varco Pruden.[1] ECF No. 53, at 4–5.

As presented and argued by Nationwide, it can only prevail on one of its theories of recovery against Varco Pruden and Roy Owens. Nationwide potentially obtains relief against Varco Pruden only if the subject building had a three-year warranty. In that event, Nationwide cannot prevail over Roy Owens for breach of contract in failing to obtain the requisite warranty. But for Nationwide to recover against Roy Owens, it appears Nationwide can do so only if Roy Owens breached the contract between itself and Penny Newman by not obtaining warranty coverage for the subject building,[2] meaning Nationwide could not recover from Varco Pruden for breach of warranty.

Within this context, Roy Owens seeks relief in its motion on two alternative theories. Mot. 5–8, ECF No. 63. First, it asks for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that admissions by Varco Pruden (not Nationwide) in its answer entitle Roy Owens to judgment as a matter of law. *Id.* at 5–6. Second, it requests dismissal of

---

[1] Nationwide's approach in seeking leave to amend its Complaint was troubling, at best. Nationwide made significant alterations in the proposed amended complaint regarding its claims against Varco Pruden, and it failed to bring such modifications to the Court's attention or provide justification for the proffered changes. *Compare* ECF No. 1, *with* ECF No. 43-1. Nationwide retreated on the issue, indicating that it would retract those amendments (ECF No. 49, at 7–8), which the Court ordered it to do. ECF No. 53, at 4–5 & n.2. Nationwide has taken an equally eyebrow-raising approach to the motions currently before the Court, as it advocates for entry of judgment *against itself* on the contract claim against Roy Owens in an effort to prevent Varco Pruden from asserting that the subject building did not have a three-year warranty covering defects in materials and workmanship. ECF No. 66, at 4–6.

[2] Roy Owens disputes this notion, arguing that the contract only required it to use its "best efforts" to procure the manufacturer's warranty, and that any required warranty may have been of one-year duration rather than three. The Court need not (and in fact cannot on the current record) resolve this issue to properly evaluate Roy Owens's pending motions.

Nationwide's Amended Complaint for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6), i.e., Nationwide has failed to plead adequate facts establishing a breach of contract claim. *Id.* at 6–8. Nationwide also asks the Court, to the extent it considers evidence beyond allegations set forth in the parties' pleadings (and attachments thereto), to convert the pending motion to a motion for summary judgment.

## II. Standard of Review

### A. Conversion of Motions Brought Under Rule 12(b)(6) and 12(c) Into a Motion for Summary Judgment

The Court must begin its analysis by determining whether Roy Owens's motions should be converted into a motion for summary judgment, as the parties have referred to matters beyond the pleadings in arguing their respective positions. Federal Rule of Civil Procedure 12(d) states:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

"It is well known that when 'matters outside the pleading' are presented with a motion to dismiss under Rule 12(b)(6), a district court has complete discretion to either accept or exclude the evidence." *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007) (citing *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 (5th Cir. 1988)); *see also Lowe v. ViewPoint Bank*, Civil Action No. 3:12-CV-1725-G (BH), 2015 WL 3939357, at *3 (N.D. Tex. June 26, 2015) (holding that, in context of a Rule 12(b)(6) motion, court had "complete discretion to either accept or exclude the evidence for purposes of determining the motion" (internal quotation marks omitted)).

In this case, the undersigned recommends that the District Court exercise its discretion to exclude all evidence outside of the pleadings in resolving these motions. First, Roy Owens's

original filing argues *against* the Court construing its motion as one seeking summary judgment. Mot. 8–9. Specifically, Roy Owens contends that the Court need not consider matters outside of the pleadings and explicitly limits its position to matters within the scope of Nationwide's Amended Complaint and Defendants' Answers.[3] *Id.* ("Owens['] 12(c) motion is based on Varco Pruden's admission in its answer that conclusively establishes that Varco Pruden gave Penny Newman a three-year warranty. Owens' 12(b)(6) motion is based on the terms of the Contract upon which Nationwide's breach of contract claim against Owens is based.")

Second, the parties' briefing does not contain adequate development and analysis for a motion for summary judgment, in that it is often conclusory in nature and does not provide detailed examination of the various factual and legal issues that currently exist or may arise in considering all information available beyond the pleadings and through discovery.[4] In that sense, converting these motions into a motion for summary judgment would not serve the ends of justice, i.e., it would fail to provide all parties a full and fair opportunity to present their positions based on the evidence available to them. *See Sw. Airlines Co. v. Roundpipe, LLC*, 375 F. Supp. 3d 687, 707 (N.D. Tex. 2019) (declining to convert motion to dismiss into motion for summary judgment because consideration of affirmative defense and non-pleading materials would not "facilitate the disposition of the action" (internal quotation marks omitted)); *see also Isquith*, 847 F.2d at 193 n.3 (discussing options available to district court and noting that declining to convert is the more appropriate path when extraneous evidence is inconclusive); *Ware v. Associated Milk Producers,*

---

[3] Roy Owens's motions present at least two different procedural avenues, with differing legal standards and/or burdens of proof, for dismissal or entry of judgment. As detailed more fully below, such an approach raises legitimate questions as to whether Nationwide and/or Varco Pruden can be said to have had a full and fair opportunity, in a summary judgment context, to present all evidentiary materials pertinent to the issues identified in Roy Owens's motions.

[4] For example, as discussed more fully below, the parties dispute whether the contract *requires* no warranty (i.e., merely Roy Owens's best efforts to procure one), a one-year warranty, and/or a three-year warranty. The parties have provided little if any briefing or evidence on the question of contract interpretation/construction, intent of the parties, etc.

*Inc.*, 614 F.2d 413, 415 (5th Cir. 1980) ("(W)hen (the extra-pleading material) is scanty, incomplete, or inconclusive, the court probably will reject it." (alterations in original) (citation omitted)).

### B. Standards for Rule 12(b)(6) Motion to Dismiss and Rule 12(c) Motion for Judgment on the Pleadings

To survive a Rule 12(b)(6) motion, a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering 12(b)(6) motions, courts must accept well-pleaded facts (not mere conclusory allegations) as true and view them in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 555 (explaining that a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (stating that courts accept all well-pleaded facts as true, but "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility"). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted). "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "When an alleged breach of a written instrument is at issue, '[a] copy of a written instrument that is an exhibit to a pleading is a

part of the pleading for all purposes.'" *Hong Kong Aroma Star Int'l LLC v. Elta MD Inc.*, CIVIL ACTION NO. 3:18-CV-2228-G, 2020 WL 619898, at *2 (N.D. Tex. Feb. 7, 2020) (quoting Fed. R. Civ. P. 10(c)).

A party may move for judgment on the pleadings after the pleadings close but early enough not to delay trial. Fed. R. Civ. P. 12(c). Although neither Rule 7 nor Rule 12 specifically states when the pleadings close, federal courts generally hold that this occurs upon the filing of a complaint and an answer, absent the interjection of a counterclaim, cross claim, or third-party claim, in which event the subsequent responsive filing "normally will mark the close of the pleadings." *Davis v. Nissan Motor Acceptance Corp.*, Civil Action No. 3:09-CV-869-L, 2009 WL 3363800, at *2 (N.D. Tex. Oct. 16, 2009) (citation omitted). "The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citation omitted). "A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hale v. Metrex Research Corp.*, 963 F.3d 424, 427 (5th Cir. 2020) (citation omitted); *see Brown v. Walraven*, No. 92-5243, 1993 WL 503349, at *2 (5th Cir. 1993) ("Such a motion is useful when all material allegations of facts are admitted in the pleadings and only questions of law remain."). In evaluating the substance of the pleadings, a court "may rely on the complaint, its proper attachments, [and] documents incorporated into the complaint by reference . . . ." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (internal quotation marks omitted). Documents attached to a 12(c) motion receive the same

treatment as those attached to a motion to dismiss where they are (1) referenced in the complaint and (2) central to the claim. *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015).

### III. Background

#### A. Rule 12(c) Motion for Judgment on the Pleadings

Roy Owens's argument for relief under Rule 12(c) is not based on the pleadings between itself and Nationwide. Mot. 5–6. Instead, its motion is founded on Varco Pruden's Answer to Nationwide's Amended Complaint. *Id.* at 6. The basic premise of Roy Owens's argument is straightforward: Nationwide alleged that Varco Pruden provided warranty coverage for the subject building, and Varco Pruden's Answer admits such coverage existed. *Id.* Thus, Roy Owens argues that because Varco Pruden agrees the subject building was covered by a warranty, Roy Owens cannot be liable for breach of contract by failing to obtain such protection. *Id.*

In support of its motion, Roy Owens cites Paragraphs 12 and 21 of Nationwide's Amended Complaint and Varco Pruden's corresponding responses in its Answer:

> 12. Varco Pruden warranted the subject building was free from defects in material and workmanship for a period of 3 years.
>
> 21. Varco Pruden warranted the subject building would be free of defects in materials and workmanship for 3 years.

Am. Compl. 3 ¶¶ 12, 21. Varco Pruden provides an identical response to each allegation:

> [Varco Pruden] admits that, under its warranty, [Varco Pruden] warrants that its products will be "free from defects in material or workmanship for a period of three (3) years" from the shipment date of the products. Further answering, [Varco Pruden] states that the terms of its warranty in their entirety speak for themselves.

Varco Pruden Answer 3–4 ¶¶ 12, 21, ECF No. 58 [hereinafter VP Answer]. Roy Owens argues these statements admit the existence of a warranty and thus conclusively establish that Varco

Pruden issued a warranty on the subject building. Mot. 6. As a result, Roy Owens posits that it, as a matter of law, cannot have breached the contract with Penny Newman. *Id.*

Nationwide, through its response, does not oppose Roy Owens's motion for judgment on the pleadings under Rule 12(c). Nationwide Resp. 5–6, ECF No. 66 [hereinafter NW Resp.]. Instead, Nationwide argues in favor of judgment against it, but only so long as such judgment precludes Varco Pruden from arguing that the subject building lacked warranty coverage. *Id.* In supporting Roy Owens's motion, Nationwide relies entirely on matters outside the pleadings, citing Varco Pruden's responses to Nationwide's requests for admissions as grounds for asserting that Varco Pruden admitted the existence of warranty coverage on the subject building.[5] NW Resp. 5–6.

Varco Pruden's response[6] asserts that its Answer made no such admissions, specifically stating that it never admitted "that the particular warranty at issue in this case was ever *actually in effect* relative to Penny Newman, as Roy Owens and Nationwide now allege." Varco Pruden Resp. 6, ECF No. 72 [hereinafter VP Resp.]. Varco Pruden argues that its Answer "merely confirmed that generally, it provides a three-year warranty from defects in material or workmanship." *Id.* at 8. Varco Pruden further states that its "confirmation that the warranty term was three years simply cannot be construed as an admission that all conditions precedent to the warranty's effectiveness were satisfied here."[7] *Id.* at 14.

Roy Owens filed separate replies to Nationwide's response (ECF No. 67 [hereinafter RO Reply to NW]) and Varco Pruden's response. ECF No 74 [hereinafter RO Reply to VP]. Both

---

[5] As discussed above, the Court should not consider such information in resolving this motion.

[6] Varco Pruden titles its filing a "reply," but the Court treats it as a response.

[7] Varco Pruden's filing also spends significant time addressing its responses to Nationwide's requests for admissions, likely due to Nationwide's argument being entirely focused on those answers. *See* VP Resp. 9–12. Again, the undersigned recommends disregarding arguments concerning matters beyond the pleadings in resolving this motion.

replies heavily emphasize Varco Pruden's responses to the requests for admissions as grounds for granting judgment on the pleadings and reiterate the position that Varco Pruden's Answer admitted the existence of a warranty. RO Reply to NW 2–3; RO Reply to VP 2–4.

### B. Rule 12(b)(6) Motion to Dismiss

Nationwide did not attach a copy of the contract between Roy Owens and Penny Newman to its Amended Complaint. That contract, however, is before the Court as an exhibit to Roy Owens's motion. ECF No. 64, at 3–14.[8] Because the contract is both referenced in Nationwide's Amended Complaint and central to its claim, the Court may consider it in evaluating Roy Owens's motion to dismiss. *See Heerwagen v. Enlink Midstream, LLC*, CIVIL ACTION NO. 3:19-cv-01187-E, 2020 WL 836873, at *3 n.4 (N.D. Tex. Feb. 20, 2020) (concluding that plaintiff's EEOC complaint and charge, which were not attached to plaintiff's complaint but were attached to defendant's motion to dismiss, could be considered because they were both referenced in the complaint and central to the claims raised therein).

The following paragraphs of Nationwide's Amended Complaint are pertinent to this motion:

> 11. Penny Newman purchased the building from Roy Owens, who sold the building with all warranties per the building manufacturer's specifications.
>
> . . .
>
> 19. On or about December 10, 2019, during the Fed. R. Civ. P. 30(b)(6) deposition of a representative of Varco Pruden, it was learned that Roy Owens did not provide a fully executed copy of the warranty to Varco Pruden.
>
> . . .

---

[8] Page citations to Roy Owens's exhibits in ECF No. 64 refer to the electronic page number assigned by the Court's electronic filing system because it contains separately paginated documents.

26. Penny Newman and Roy Owens entered into a contract wherein Roy Owens promised that the subject building would be warranted by the building manufacturer.

27. Pursuant to the information learned on or about December 10, 2019, during the Fed. R. Civ. P. 30(b)(6) deposition of a representative of Varco Pruden, Roy Owns [sic] breached the contract with Penny Newman by not providing an executed warranty.

Am. Compl. 3–4.

Roy Owens asserts that Nationwide's allegations "differ materially" from the terms of the contract between Roy Owens and Penny Newman. Mot. 7. Specifically, Roy Owens argues that its contractual obligation concerning warranties is set out in section ten, which states: "[Roy Owens] promises that it will use its best efforts to obtain guaranties and warranties from such manufacturers or suppliers that will continue in effect for at least a period of one (1) year from the date of completion and acceptance of the Work." ECF No. 64, at 7. With respect to Exhibit A of the contract, Roy Owens claims that it contains "no mention of warranties at all . . . ."[9] Mot. 2 n.1.

Nationwide responds that this "best efforts" provision concerns the "standard by which Roy Owens was to satisfy its obligation," and that, irregardless, Roy Owens's "obligation was to provide the building with all warranties per the manufacturer's specifications . . . ." NW Resp. 8 (emphasis omitted). In support of this position, Nationwide cites section twenty-three of the contract, which incorporates Exhibit A into the parties' agreement. *Id.*; ECF No. 64, at 10. Exhibit A refers to itself as a "quote" and Nationwide classifies it as a "bid." ECF No. 64, at 11; NW Resp. 9. Exhibit A includes a section titled "Buildings" and lists specifications that includes "[a]ll warranties per building manufacturer's specifications." ECF No. 64, at 12. Nationwide asserts that it has alleged Roy Owens breached this promise by failing to provide the paperwork necessary

---

[9] That claim is demonstrably inaccurate. *See* ECF No. 64, at 12 (including in list under "Buildings" the statement "[a]ll warranties per building manufacturer's specifications").

to trigger Varco Pruden's three-year warranty coverage. NW Resp. 9.[10] As such, Nationwide concludes that it has stated a claim for relief that is facially plausible and the motion to dismiss should be denied. *Id.* at 10.

Roy Owens replies that it made "no express promise associated with" the statement in Exhibit A regarding warranties. RO Reply to NW 4. As such, Roy Owens asserts that Nationwide's claim should be dismissed because it is premised on an obligation Roy Owens did not have. *Id.* Roy Owens follows this by stating that the section ten provision regarding "best efforts" is "far more specific" and cites the principle that specific contract provisions prevail over general provisions. *Id.* at 4–5. As such, the contract should be construed as only requiring Roy Owens to use its "best efforts" to obtain a warranty lasting at least one year.[11] *Id.* at 5.

### IV. Analysis

Roy Owens has failed to satisfy its burden of proof under either Rule 12(c) or 12(b)(6) as to Nationwide's breach of contract claim. To the contrary, the current record demonstrates the need for further factual and/or legal development, by all parties, concerning proper construction of the contract and what warranty, if any, may have existed on the subject building. For example, Nationwide argues in its response that Roy Owens's contractual obligations should be judged by a clause in Exhibit A to the contract (NW Resp. 8–9), while Roy Owens merely replies that Exhibit A contained no promises and that, even if it did, specific provisions supersede general. RO Reply to NW 4–5. Neither party provides any in-depth argument or briefing to support their position that one clause should prevail over the other, i.e., analyzing general rules for contract

---

[10] Varco Pruden appears to agree that, if applicable conditions precedent are satisfied, it "generally . . . provides a three-year warranty from defects in material or workmanship" on its buildings. *See* ECF No. 72, at 8–9; ECF No. 73, Ex. B.

[11] Roy Owens also asserts that "[i]t is undisputed that Owens obtained at least a one-year warranty from Varco Pruden," but that claim relies on information contained in deposition testimony that is outside the pleadings. RO Reply to NW 5; ECF No. 43-3, at 13:7–14:11.

construction/interpretation such as whether the contract is ambiguous, what was the parties' intent, how to give effect to each part of the contract (considering it as a whole), etc. NW Resp. 7–9; RO Reply to NW 4–5. Roy Owens similarly fails to provide any support for its assertion that Exhibit A to the contract did not make any express promises regarding warranties.[12] RO Reply to NW 4. The lack of a fully developed record and relevant briefing renders premature any effort by the Court to interpret the contract and evaluate Roy Owens's obligations.

### A. The Court Should Deny Roy Owens's Rule 12(c) Motion for Judgment on the Pleadings

After considering the parties' briefing and applicable law, the undersigned recommends that the United States District Judge deny Roy Owens's Motion for Judgment on the Pleadings under Rule 12(c).

The Court first notes that while a motion for judgment on the pleadings typically tests the sufficiency of a plaintiff's complaint, Roy Owens's 12(c) motion relies on purported admissions in *another Defendant's answer* (Varco Pruden) as the basis for dismissing Nationwide's contract claim against Roy Owens. Paradoxically, Nationwide agrees with Roy Owens and advocates for judgment *against itself* in a not so subtle attempt to protect or bolster its breach of warranty claim against Varco Pruden. Though different than the typical 12(c) scenario, none of the parties addresses this procedural variation; however, it appears the basis for Roy Owens's motion, i.e., alleged admissions in a co-defendant's answer, provides no impediment to the Court reviewing the substantive issue presented therein. Because courts can consider the "substance of the

---

[12] Such a conclusory statement strikes the Court as tenuous. The contract incorporated Exhibit A into the parties' overall agreement. ECF No. 64, at 10. If the work outlined in Exhibit A did not reflect contractual obligations, why was it incorporated into the contract? What makes the statement regarding warranties different from statements regarding other matters in Exhibit A? This question is further complicated by section one of the contract, which defines "[w]ork to be done," and incorporates Exhibit A in that definition. *Id.* at 3. Neither party addresses that provision and its relevance to the contract's construction or Roy Owens's obligations pertaining to any warranties.

pleadings and any judicially noticed facts" (*Hale*, 963 F.3d at 427) in evaluating a 12(c) motion, it follows that this Court can take judicial notice of a claimed admission in a party's pleading and determine its impact, if any, on the movant's entitlement to judgment as a matter of law. *See United States v. GSD&M Idea City LLC*, Civil Action No. 3:11-cv-1154-O, 2014 WL 11320447, at *2 (N.D. Tex. June 10, 2014) (taking judicial notice of documents filed on bankruptcy docket, e.g., relator's petition and plan, trustee's report, etc., in reviewing 12(c) motion), *aff'd*, 798 F.3d 265 (5th Cir. 2015). However, for the reasons set forth more fully below, the undersigned's recommendation ultimately does not turn on any perceived procedural question. Whether or not the Court considers Varco Pruden's purported admission, the result is the same: Roy Owens's 12(c) motion should be denied.

Assuming Roy Owens can obtain judgment based on Varco Pruden's Answer, the motion nevertheless fails on its merits. "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Great Plains Tr. Co.*, 313 F.3d at 312 (quoting *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). Roy Owens argues that Varco Pruden's responses to Nationwide's Amended Complaint constitute admissions that it provided a three-year warranty on the subject building and that these admissions are conclusively binding. Mot. 6. But Varco Pruden's Answer does not expressly admit the facts Roy Owens claims it concedes. The plain language of Varco Pruden's Answer simply acknowledges the length of its warranties in the abstract and that their terms speak for themselves. VP Answer 3–4 ¶¶ 12, 21. As such, the foundational premise of Roy Owens's motion is incorrect and there remains a question of fact as to whether the subject building had warranty coverage, which in turn creates a question of fact regarding whether Roy Owens satisfied its obligations to Penny Newman with respect to the warranty. The Court should therefore

deny Roy Owens's motion for judgment on the pleadings. *See Carter v. H2R Rest. Holdings, LLC*, No. 3:16-cv-1554-N-BN, 2017 WL 5152350, at *2 (N.D. Tex. Oct. 4, 2017) (recommending denial of plaintiff's motion for judgment on the pleadings because, among other reasons, disputes over material facts remained and plaintiff was not entitled to judgment as a matter of law), *R. & R. adopted by* 2017 WL 5135465 (N.D. Tex. Nov. 6, 2017); *Coe v. Seterus, Inc.*, No. 3:16-cv-2821-M-BN, ECF No. 21 (N.D. Tex. Feb. 27, 2017) (recommending denial of plaintiff's motion for judgment on the pleadings because defendant denied allegations in plaintiff's complaint thereby creating a dispute regarding material facts); *Sullivan v. Discount Plumbing*, No. Civ.A. 5:04-CV-144-C, 2004 WL 1836760, at *1 (N.D. Tex. Aug. 17, 2004) (denying plaintiff's motion for judgment on the pleadings after determining that defendant did not act in bad faith by asserting that it lacked knowledge or information regarding plaintiff's allegations and thus had not admitted the allegations were true); *Williams v. Ballard*, No. Civ.A 3:02CV0270-M, 2003 WL 21659388, at *1 (N.D. Tex. Mar. 31, 2003) (holding that judgment on the pleadings was not appropriate in pro se civil rights case where plaintiff alleged "sufficient facts to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6)").

For the forgoing reasons, the undersigned recommends that the United States District Judge **DENY** Roy Owens's Motion for Judgment on the Pleadings under Rule 12(c). ECF No. 63.

### B. The Court Should Deny Roy Owens's Rule 12(b)(6) Motion to Dismiss

Roy Owens and Nationwide agree that Nationwide's breach of contract claim should be governed by Texas law. Mot. 7; NW Resp. 7–8. Assuming, without deciding, that Texas law controls, "[i]n Texas, there are four essential elements to a breach of contract claim: '(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'"

*Beauty Mfg. Sols. Corp. v. Ashland, Inc.*, 848 F. Supp. 2d 663, 667 (N.D. Tex. 2012) (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009)).

The parties agree that a valid contract existed between Roy Owens and Penny Newman, and Roy Owens does not assert that Penny Newman failed to perform its obligations. Mot. 7; NW Resp. 8. The only question is whether Roy Owens breached its obligations to Penny Newman. "In Texas, to properly plead a breach of contract by a defendant, a plaintiff must identify a specific provision of the contract that was allegedly breached." *Hong Kong Aroma*, 2020 WL 619898, at *2 (internal quotation marks omitted). "If the court is unable to identify one or more specific contractual provisions at issue, then the plaintiff[] fail[s] to allege enough facts about the terms of a contract to raise their right to relief above the speculative level." *Id.* (internal quotation marks and brackets omitted).

Taking Nationwide's allegations as true, Nationwide has met its burden to state a claim for breach of contract. Specifically, Nationwide alleges that "Penny Newman purchased the building from Roy Owens, who sold the building with all warranties per the building manufacturer's specifications." Am. Compl. 3 ¶ 11. Read in conjunction with its later assertions that the contract between Penny Newman and Roy Owens included a promise by Roy Owens that "the subject building would be warranted by the building manufacturer" (*id.* at 4 ¶ 26), and that "Roy Owns [sic] breached the contract with Penny Newman by not providing an executed warranty" (*id.* at 4 ¶ 27), the undersigned concludes that Nationwide has pleaded sufficient facts to enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.[13]

---

[13] As set forth in more detail at Section III.B. herein, Nationwide has identified specific contract provisions the breach of which would state a claim "plausible on its face." *Twombly*, 550 U.S. at 570.

In *Hong Kong Aroma*, the parties' contract obligated the defendant to "support [plaintiff's] sales and marketing activities by all means available within its possibilities." 2020 WL 619898, at *3. This Court noted that the provision did not necessarily obligate the defendant to fill all orders submitted by the plaintiff, but nevertheless recognized that defendant's "cancellation of orders, failure to fill orders, and the like" may have violated the clause and that further factual development was necessary to determine whether a breach occurred. *Id.* The undersigned believes the same outcome is appropriate here, where Nationwide has specifically pleaded the promise Roy Owens allegedly made in its contract with Penny Newman—to sell the building "with all warranties per the building manufacturer's specifications" (Am. Compl. 3 ¶ 11)—and how it allegedly breached that promise by failing to provide executed warranty documents to Varco Pruden. *Id.* at 4 ¶ 27. Roy Owens attached a copy of the contract to its motion, and that contract includes language that may establish a promise by Roy Owens to provide "[a]ll warranties per building manufacturer's specifications." ECF No. 64, at 12. Determining whether Roy Owens's alleged conduct breached this provision, or any other warranty requirements, based on the current record, requires further legal analysis by the parties and, potentially, additional development of the factual record.

As such, the undersigned recommends that the United States District Judge **DENY** Roy Owens's Motion to Dismiss under Rule 12(b)(6).

## V.     Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Judge **DENY** the pending "Motion for Judgment on the Pleadings under Rule 12(c) or Alternatively to Dismiss for Failure to State a Claim under Rule 12(b)(6), and Brief in Support." ECF No. 63.

## VI. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: August 3, 2020

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE